1

2

3                                              O

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 CABINET MAKERS, MILLMEN )   Case No. EDCV 12-01932 VAP
   AND INDUSTRIAL          )   (SPx)
12 CARPENTERS LOCAL 721,   )
                           )   **ORDER (1) GRANTING**
13            Plaintiff,   )   **PLAINTIFF'S APPLICATION FOR**
                           )   **DEFAULT JUDGMENT AND (2)**
14    v.                   )   **ORDERING DEFENDANTS TO**
                           )   **PRODUCE RELEVANT PAYROLL**
15 COMMERCIAL WOOD PRODUCTS )   **RECORDS**
   COMPANY,                )
16                         )   **[Motion filed on January 24,**
              Defendants.  )   **2013]**
17 _____ )

18

19      Before the Court is an Application for Default

20 Judgment Against Commercial Wood Products Company and

21 Request for an Order for Respondent to Produce Payroll

22 Records filed by Cabinet Makers, Millmen and Industrial

23 Carpenters Local 721 ("Cabinet Makers") (Doc. No. 12)

24 ("Application").  The Court finds the Application

25 appropriate for resolution without a hearing.  See Fed.

26 R. Civ. P. 78; Local R. 7-15.  After consideration of the

27 papers in support of the Application, the Court (1)

28 GRANTS Default Judgment in favor of Cabinet Makers and

(2) ORDERS Defendant to produce relevant payroll records from August 1, 2012 to July 31, 2013.

## I.  BACKGROUND

On October 6, 2010, Cabinet Makers and the Company entered into a labor agreement.  (Petition to Confirm Arbitration Award Against Commercial Wood Products Company (Doc. No. 1) ("Petition") at ¶ 4.)  The labor agreement had an arbitration clause which provided a four-step process for resolving disputes arising from the agreement, with the last step being arbitration.  (<u>Id.</u> at ¶¶ 5-6.)

The labor agreement provided for a pre-scheduled wage increase every August 1, beginning August 1, 2011.  (<u>Id.</u> at ¶ 7.)  On or about August 22, 2011, Cabinet Makers filed a grievance against the company for not implementing the wage increases on August 1, 2011.  (<u>Id.</u> at ¶ 8.)  Unable to resolve their dispute with the Company, Cabinet Makers decided to pursue arbitration. (<u>Id.</u> at ¶ 9.)  Cabinet Makers filed a petition to compel arbitration in a separate case before this Court.  (<u>See</u> <u>Cabinet Makers, Millmen and Industrial Carpenters Local</u> <u>721 v. Commercial Wood Products Company</u>, Case No. EDCV12-0024VAP(SPx) ("Arbitration Case"); <u>see also</u> Petition at ¶ 12.)  On February 24, 2012, the Court entered an order compelling arbitration.  (<u>See</u> Arbitration Case, Minute

1   Order Granting Plaintiff's Petition to Compel Arbitration
2   (Doc. No. 9); <u>see also</u> Petition at ¶ 13.)

3

4       The Company delayed proceeding with the arbitration,
5   despite the Court's order. (Petition at ¶¶ 12-13.)  On
6   August 1, 2012, the Company failed to implement the
7   second annual pre-scheduled pay increase.  (<u>Id.</u> at 13)

8

9       On September 6, 2012, an arbitration hearing was held
10  in San Bernardino, California, before arbitrator Philip
11  Tamoush (the "Arbitrator").  (Petition at ¶ 14.)  At the
12  hearing, the following two issues were presented to the
13  Arbitrator: (1) whether the filing for arbitration by the
14  Union was timely; and if so, (2) whether the Company
15  violated the labor agreement by withholding two scheduled
16  wage increases (on August 1, 2011, and again on August 1,
17  2012).  (Petition at ¶ 15.)

18

19      On October 9, 2012, the Arbitrator rendered his
20  decision, determining that the arbitration request was
21  timely and that the Company violated the labor agreement
22  by withholding the two scheduled wage increases.  (<u>Id.</u> at
23  ¶ 16)  The Arbitrator ordered the Company to pay the
24  amount owed for the violation, determining that amount to
25  be $18,256.88 (the "Arbitration Award").  (<u>Id.</u>)  This
26  amount was based on Cabinet Makers' review of the payroll
27  records provided by the Company prior to the arbitration
28

1   hearing, which did not include the total amount owed for
2   the Company's violation with respect to the August 1,
3   2012 failure to increase wages.[1]  (Id. at ¶ 16-17.)
4       On November 6, 2012, Cabinet Makers filed the
5   Petition, pursuant to Section 301 of the Labor Management
6   Relations Act, 29 U.S.C. § 185.  (Id. at ¶ 21.)  Cabinet
7   Makers filed proof of service on November 19, 2012.  (See
8   Doc. No. 8.)  The Company did not file a response.
9
10      Cabinet Makers filed an Application for Entry of
11  Default against the Company on December 18, 2012 (Doc.
12  No. 9).  On January 23, 2013, the Court entered default
13  against the Company.  (See Doc. No. 10.)
14
15      Cabinet Makers brought the instant Application on
16  January 24, 2013, and seeks an entry of default judgment
17  against the Company.  Cabinet Makers also seeks for the
18  Court to order the Company to produce relevant payroll
19  records reflecting payments made to Cabinet Makers'
20  employees between August 1, 2012 to July 31, 2013.
21  (Application at 5.)
22
23
24
25      [1]Cabinet Makers has not yet determined the total
26  amount owed for the Company's violation with respect to
    the August 1, 2012 failure to implement pay increases,
27  and here requests an order seeking payroll records from
    August 1, 2012 to July 31, 2013.  (Petition at 17;
28  Application at 5.)

1                           **II. DISCUSSION**

2    **A.   Default Judgment**

3        Local Rule 55-1 provides that an application for

4    default judgment must be accompanied by a declaration in

5    compliance with Federal Rule of Civil Procedure 55(b)

6    setting forth: 1) when and against what party the default

7    was entered; 2) the identification of the pleading to

8    which default was entered; 3) whether the defaulting

9    party is an infant or incompetent person, and if so,

10   whether that person is represented by a general guardian,

11   committee, conservator, or other representative; 4) that

12   the Servicemembers Civil Relief Act does not apply; and

13   5) that notice has been served on the defaulting party if

14   required by Federal Rule of Civil Procedure 55(b)(2).

15   Cabinet Makers has satisfied the requirements of Local

16   Rule 55-1.  (<u>See</u> Declaration of Yuliya Mirzoyan (Doc. No.

17   12-2) ("Mirzoyan Declaration") ¶¶ 2-6.)

18

19        "Even if entry of default has been made . . . ,

20   granting a default judgment is not automatic; rather, it

21   is left to the sound discretion of the court." <u>PepsiCo</u>

22   <u>v. Triunfo-Mex, Inc.</u>, 189 F.R.D. 431, 432 (C.D. Cal.

23   1999) (citing <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th

24   Cir. 1980)); <u>Laborers Health and Welfare Trust Fund for</u>

25   <u>N. Cal. v. Demas Constr., Inc.</u>, 1997 WL 227976, at *1

26   (N.D. Cal. Mar. 14, 1997) (citing <u>Draper v. Coombs</u>, 792

27   F.2d 915 (9th Cir. 1986)); <u>see</u> <u>Ioane v. Alter</u>, 1997 WL

28

1  767526, at *3 (N.D. Cal. Nov. 21, 1997) (citing Alan
2  Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th
3  Cir. 1988)).
4
5      In exercising its discretion to grant or deny an
6  application for default judgment, the Court considers the
7  following factors: 1) the sufficiency of the complaint;
8  2) the substantive merits of the plaintiff's claim; 3)
9  the possibility of prejudice to the plaintiff if relief
10 is denied 4) the amount of money at stake; 5) the
11 possibility of a dispute as to material facts; 6) whether
12 the default was the result of excusable neglect; and 7)
13 the strong policy of the Federal Rules that favors
14 decisions on the merits (collectively, "Eitel factors").
15 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).
16
17     In applying the Eitel factors here, the Court finds
18 Cabinet Makers entitled to entry of default judgment.
19 Cabinet Makers filed the Petition, pursuant to Section
20 301 of the Labor Management Relations Act, 29 U.S.C. §
21 185.  As detailed above, the Petition is sufficiently
22 pled and Cabinet Makers' claim is substantively
23 supported.  Cabinet Makers demonstrates that it would
24 suffer prejudice if default judgment was not entered, and
25 the sum of money at issue here is relatively small.
26 There is no dispute of material fact -- the Company has
27 not responded or disputed any of Cabinet Makers'
28

6

1 contentions. Moreover, it is unlikely that the default
2 was the result of excusable neglect. Finally, the policy
3 of the Federal Rules that favors decisions on the merits
4 does not weigh against entry of default judgment here.
5
6     Accordingly, the <u>Eitel</u> factors favor an entry of
7 default judgment, in favor of Cabinet Makers, against the
8 Company.
9
10 **B.  Request for Order**
11     Cabinet Makers also request the Court to order the
12 Company to produce certain payroll records. (Application
13 at 5.) Specifically, the Arbitration Award included a
14 monetary award of $18,256.88 for the first annual pay
15 increase that was to take place on August 1, 2011. (<u>Id.</u>)
16 To determine the amounts owed on the second scheduled pay
17 increase on August 1, 2012, which the Arbitrator found
18 Cabinet Makers entitled to (<u>see</u> Petition ¶¶ 16-17),
19 Cabinet Makers needs to review the relevant payroll
20 records reflecting payments to workers beginning August
21 1, 2012. (Application at 5.) Cabinet Makers seeks
22 records from August 1, 2012 to July 31, 2013, to ensure
23 that the Company implements the increase for the entire
24 year. (<u>Id.</u>) These records are necessary for Cabinet
25 Makers to determine their damages for failure to
26 implement the second scheduled pay increase, and the
27 Company has not contested Cabinet Makers' request for
28

7

1   this order.   Accordingly, the Court finds it appropriate

2   to order the Company to provide Cabinet Makers with all

3   payroll records of Cabinet Makers' employees who are or

4   have been covered by the collective bargaining agreement

5   between the parties that are relevant to determine the

6   amounts owed as to the August 1, 2012 pay increases.   The

7   Company must comply with all reasonable requests by

8   Cabinet Makers for such payroll records, and must produce

9   them in a timely manner and at its own expense.

10

11                    **IV. CONCLUSION**

12       For the reasons set forth above, the Court (1) GRANTS

13   default judgment in favor of Cabinet Makers against the

14   Company and (2) ORDERS the Company to produce relevant

15   payroll records from August 1, 2012 to July 31, 2013.

16

17   Dated:  February 28, 2013

18                              VIRGINIA A. PHILLIPS
                              United States District Judge

19

20

21

22

23

24

25

26

27

28